1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROLAND HOWARD, | ) | No. C 07-1288 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL WITH** |
| | ) | **LEAVE TO AMEND AND** |
| vs. | ) | **INSTRUCTIONS TO THE CLERK** |
| | ) | |
| SAN QUENTIN MEDICAL | ) | **(Docket No. 4)** |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

---

## INTRODUCTION

Plaintiff, formerly a prisoner of the State of California incarcerated at San Quentin State Prison in San Quentin, California, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about inadequate medical care he received at the prison.  Plaintiff also seeks leave to proceed *in forma pauperis* (docket no. 4).  However, Plaintiff has completed a prisoner *in forma pauperis* application, which is now DENIED because the application contains no information regarding his current financial resources.  Plaintiff must either pay the $350.00 filing fee, or he must complete a non-prisoner application within thirty days of the date of this order.  In this order, the Court dismisses the complaint with leave to amend and orders Plaintiff to file an amended complaint within thirty days from the date of this order.

## STATEMENT OF FACTS

Plaintiff alleges that the "San Quentin Medical Department" failed to provide him with needed medication between October 6, 2006 and October 13, 2006, at which time

Plaintiff alleges he received medication.  Plaintiff further alleges that he was rehoused to administrative segregation "for addressing my A.D.A. issues." Plaintiff alleges that the failure to provide proper treatment may have caused his t-cell count to regress and have contributed to his collapse.  Since filing the complaint, Plaintiff has informed the Court that he has been released from custody (docket no. 2).  At the time of filing, Plaintiff sought injunctive relief and damages.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

The complaint appears directed toward the failure of the jail to adequately address Plaintiff's medical problems.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the

2

seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  However, in his complaint, Plaintiff has failed to state a claim against any individuals or municipal liability on the part of the County.

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question.  *Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).  While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976).  And a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the

3

Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In this case, Plaintiff has failed to state the specifics regarding the mistreatment he suffered from any particular defendant, how his constitutional rights were violated, and the conduct of each Defendant that he asserts is responsible for a constitutional violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding any claims he has against any individually named defendant.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

With regard to his suit against the San Quentin Medical Department, the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). This Eleventh Amendment immunity also extends to suits against a state agency, *see, e.g., Simmons v. Sacramento County Superior*

1    *Court*, 318 F.3d 1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state

2    superior court and its employees).  In naming only the San Quentin Medical Department

3    as a Defendant in this action, Plaintiff has only claimed liability against a division of the

4    California Department of Corrections and Rehabilitation, which is immune from suit.

5        Plaintiff has not properly alleged liability on the part of any proper defendants.

6    Plaintiff will be provided with thirty days in which to amend to correct the deficiencies

7    in his complaint.  Accordingly, the complaint is DISMISSED.  However, Plaintiff is

8    provided with LEAVE TO AMEND his complaint within thirty days, as set forth below.

9                                    **CONCLUSION**

10   For the foregoing reasons and for good cause shown,

11       1.  Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as

12   indicated above.  Plaintiff shall file an amended complaint within ***thirty days from the***

13   ***date of this order***.  The amendment must include the caption and civil case number used

14   in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the

15   first page.  Failure to amend within the designated time will result in the dismissal of the

16   complaint without prejudice.

17       2.  Plaintiff's application to proceed *in forma pauperis* has been denied.  Plaintiff

18   must either pay the $350.00 filing fee or file a non-prisoner application within thirty days

19   of this order.  Failure to do so within the designated time will result in the dismissal of

20   the complaint without prejudice.  The Clerk is directed to provide Plaintiff with a copy of

21   the Court's non-prisoner application form along with this order.

22       3.  Plaintiff is advised that an amended complaint supersedes the original

23   complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint

24   which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644

25   F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no

26   longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,

27   506 U.S. 915 (1992).

28

4.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  July 30, 2007

_____
JEFFREY S. WHITE
United States District Judge

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROLAND HOWARD,

            Plaintiff,

   v.

SAN QUENTIN MEDICAL DEPT. et al,

            Defendant.

_____/

Case Number: CV07-01288 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roland Howard
1075 Fillmore St.
San Francisco, CA 94121

Dated: July 30, 2007

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk